THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRESTON EUGENE RICHARDSON,<br><br>    Plaintiff,<br><br>    v.<br><br>KING COUNTY CORRECTIONS FACILITY *et al.*,<br><br>    Defendants. | CASE NO. C19-0456-JCC<br><br>ORDER |

    This matter comes before the Court on the report and recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 25). Judge Peterson exhaustively reviewed Plaintiff's claims and found that each claim was deficient. (*See* Dkt. No. 14 at 3–8.) Judge Peterson therefore ordered Plaintiff to file an amended complaint curing the deficiencies that she had identified. (*Id.* at 9.) Plaintiff subsequently filed three successive motions for extensions of time to file an amended complaint, each of which Judge Peterson granted. (Dkt. Nos. 18–23.) In total, Judge Peterson gave Plaintiff from May 9, 2019, until October 23, 2019, to file an amended complaint. (Dkt. No. 23.)

    On December 6, 2019, more than one month after the October 23, 2019 deadline had passed, Judge Peterson issued a report and recommendation recommending that the Court dismiss Plaintiff's complaint without prejudice because he had failed to submit an amended

ORDER
C19-0456-JCC
PAGE - 1

complaint or otherwise respond to her most recent order granting him an extension of time. (Dkt. No. 25 at 1–2.) Plaintiff did not file any objections to Judge Peterson's report and recommendation. However, on December 22, 2019—eight months after Judge Peterson originally ordered Plaintiff to amend his complaint—Plaintiff filed a new 42 U.S.C. § 1983 civil rights complaint, alleging that various defendants denied him access to the courts when they lost his "legal property." *See Richardson v. Dep't of Corrections*, C19-6238-RBL-JRC, Dkt. No. 1 at 28 (W.D. Wash. 2019). As part of that complaint, Plaintiff requests a stay of this case until his new claim is addressed. *See id.*

There are several ways that the Court could treat Plaintiff's request for a stay. The Court could ignore the complaint because Plaintiff did not properly file a motion asking the Court to stay these proceedings, *see* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."), and because "pro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The Court could construe the complaint as a motion to stay, in which case the Court would deny Plaintiff's request because resolving his claim that one set of defendants hampered his ability to access the court system will in no way resolve his claims that a different set of defendants committed hate crimes against him, retaliated against him, verbally harassed him, or did not provide him with personal property that his husband allegedly ordered online. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (explaining that a stay can be appropriate where other proceedings might simplify or resolve issues in the proceedings before the court); (Dkt. No. 4-1 at 7–9, 11–12, 18–22, 27–28, 32–33). Alternatively, the Court could construe Plaintiff's new complaint as a fourth request for an extension of time to file an amended complaint. But the Court would also deny that request because Plaintiff has received numerous extensions and has never explained why he needs his legal property to identify the corrections officer who allegedly retaliated against him; to identify whether he is a pretrial detainee or convicted prisoner; to allege that he suffered harm when Officer Bosler opened his cell door; or to cure any of the other defects that Judge Peterson identified. (*See* Dkt. No. 14 at 3–8.)

1	Regardless of how the Court construes Plaintiff's new complaint, dismissal is appropriate
2	because Plaintiff failed to comply with Judge Peterson's order requiring Plaintiff to file an
3	amended complaint on or before October 23, 2019. (Dkt. No. 23 at 1.) The Court acknowledges
4	that it must apply "considerable leeway" when deciding whether to excuse a *pro se* civil rights
5	litigants' failure to comply strictly with time limits. *See McGuckin v. Smith*, 974 F.2d 1050, 1058
6	(9th Cir. 1992). But that leeway is not infinite, and the Court may dismiss an action for an
7	unreasonable failure to prosecute or for failure to comply with a court order. *See McKeever v.*
8	*Block*, 932 F.2d 795, 797 (9th Cir. 1991); Fed. R. Civ. P. 41(b). Here, Plaintiff both failed to
9	comply with Judge Peterson's order and unreasonably failed to prosecute his action when he did
10	not file an amended complaint on or before October 23, 2019. Now, in the face of a report and
11	recommendation recommending that the Court dismiss Plaintiff's case without prejudice,
12	Plaintiff has failed to file objections that might explain his failure to comply with Judge
13	Peterson's most recent order. Instead of filing objections, Plaintiff has filed an entirely new
14	complaint. Under these circumstances, dismissal is appropriate.

15	For the foregoing reasons, the Court DISMISSES Plaintiff's complaint without prejudice.
16	DATED this 6th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE